UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTONIO SANDERS,

    Plaintiff,

vs.                                                        Civil No. 1:24-cv-01033-SHM-tmp

FRANK STRATA, ET AL.,

    Defendants.

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET; DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE IN PART AND WITH PREJUDICE IN PART; GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE, AND DISMISSING PENDING MOTIONS (ECF NOS. 6 & 7)**

On February 8, 2024, Plaintiff Antonio Sanders, an inmate currently incarcerated at the Northwest Correctional Complex (the "NWCX"), in Tiptonville, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 (the "Complaint").) On February 15, 2024, the Court ordered Sanders to comply with 28 U.S.C. § 1915(A)(1)-(2) or pay the entire civil filing fee. (ECF No. 3.) On March 14, 2024, Sanders filed a motion to proceed *in forma pauperis*. (ECF No. 4.) On May 3, 2024, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.) On August 7, 2024, Sanders filed a motion for service of process, appointment of counsel and combined memorandum of law. (ECF No. 6.) On August 26, 2024, Sanders filed a motion for preservation of evidence, appointment of counsel and combined memorandum of law. (ECF No. 7.)

---

[1] *See* Tennessee Department of Correction ("TDOC"), Felony Offender Information, https://foil.app.tn.gov/foil/search.jsp (last accessed Jan. 23, 2025).

The Complaint (ECF No. 1), the motion for service of process and appointment of counsel, and the motion for preservation of evidence and appointment of counsel (ECF Nos. 6 & 7 (the "Pending Motions")) are before the Court.

The Complaint is construed to allege claims of failure to protect and failure to train resulting in Eighth Amendment violations. (ECF No. 1 at PageID 3-7.) Sanders sues Defendants: (1) TDOC Commissioner Frank Strada[2]; (2) NWCX Warden Brandon Watwood; (3) NWCX Officer in Charge John Doe 1; (4) NWCX Shift Commanding Sergeant John Doe 2; and (5) NWCX Corrections Officer John Doe 3. (ECF No. 1 at PageID 1-3.) Sanders sues the Defendants in their individual and official capacity[3]. (*See* ECF No. 14 at PageID 229-32.)

The Clerk is DIRECTED to add the State of Tennessee as a Defendant.

Sanders seeks: (1) five hundred thousand dollars ($500,000.00) "for injuries [Sanders] sustained as a result of Defendants negligent conduct"; and (2) any other additional relief the interest of justice may require. (ECF No. 1 at PageID 7.)

For the reasons explained below, the Court: (1) DISMISSES the Complaint in part WITH PREJUDICE and in part WITHOUT PREJUDICE for failure to state a claim to relief (ECF No. 1); (2) DENIES the motion for service of process and appointment of counsel (ECF No. 6) and the motion for preservation of evidence and appointment of counsel (ECF No. 7); and (3) GRANTS leave to amend the claims dismissed without prejudice.

---

[2] Sanders names Frank "Strata" commissioner as a defendant. The Court construes this to name TDOC Commissioner Frank Strada as a defendant. *See* https://www.tn.gov/correction/about-us/commissioner-frank-strada.html (last accessed Jan. 23, 2025). The Clerk is DIRECTED to modify the docket to show Frank Strada as a defendant and to remove all reference to Strata as a defendant.

[3] Sanders alleges the defendants are sued in their "individual and professional capacities[.]" (*See* ECF No. 1 at PageID 2-3.) The Court liberally construes the Complaint to allege that Sanders is suing each defendant in that defendant's official and individual capacity.

I.  **BACKGROUND**

Sanders alleges that on January 14, 2024,[4] at 10:30 a.m. in unit twelve, cell sixty-two at NWCX, he was attacked by a "masked assailant" and struck in the face with a lock wrapped inside a sock. (ECF No. 1 at PageID 3-4.) Sanders alleges that eight "additional assailants" then attacked him. (ECF No. 1 at PageID 4.) Sanders "fled to the bottom of the stairs within the unit" and was struck again. (*Id.*) Sanders alleges "the officer who observed the incident didn't call a security disturbance code [or] otherwise try to ass[i]st Plaintiff." (*Id.*) Sanders "fled the unit" to "get away" and "secure medical aid." (*Id.*) Sanders was attacked again. (*Id.*) An unnamed inmate notified security personnel, and Sanders was taken Dyersburg Hospital. (*Id.* at PageID 4-5.)

Sanders alleges that he suffered a broken eye socket, broken nose, abrasions, contusions, and mental and psychological injuries from the attack. (*Id.* at PageID 5.) At the hospital, Sanders was told he would require reconstructive facial surgery for his injuries. (*Id.*) Sanders alleges that "his attackers" robbed him of over two-hundred dollars in "commissary items" taken from his cell during the attack. (*Id.* at PageID 6.)

Sanders alleges NWCX is a "pervasively violent institution, run by gangs, that has developed a custom of failing to train its employees creating dangerous and unsafe conditions", violating Sanders' Eighth Amendment rights by failing to protect Sanders and by "maintaining a dangerously understaffed prison that allows the assault of offenders[.]" (*Id.* at PageID 5.) Sanders alleges Strada is "aware of the [d]angerous and lawless atmosphere at [NWCX], as well as the state of the poorly trained, understaffed security pers[onnel.]" (*Id.* at PageID 6.) Sanders alleges

---

[4] Sanders does not allege a year, but has attached what appears to be a hospital identification bracelet dated January 14, 2024, to the Complaint as Exhibit "A." (*See id.* at PageID 8.)

3

Strada has the "power" to correct the conditions at NWCX, and that Strada has failed to do so. (*Id.*)

Sanders alleges that Watwood is aware of the conditions at NWCX and "has also failed in his duty to [e]nsure that officers are adequately trained and that [NWCX] is adequately staffed to protect offenders from assault." (*Id.*)

Sanders alleges Defendants "John Doe 1-3" and "supervisors are poorly trained and deliberately indifferent to the health and safety of inmates within [NWCX]." (*Id.* at PageID 7.)

## II. SCREENING THE COMPLAINT

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to

4

make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts screening cases accord more deference to *pro se* complaints than to complaints drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Sanders sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III.  ANALYSIS

#### A. John Doe Defendants

Sanders names "John Doe 1", "John Doe 2" and "John Doe 3" as Defendants. Sanders fails to allege a cognizable claim against anyone. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Service of process cannot be made on an unidentified party. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016). Before Sanders can proceed against any unnamed individuals, he must first identify the individuals and re-allege his claims against them.

Sanders's allegations against "John Doe 1", "John Doe 2" and "John Doe 3" fail to state a claim to relief, and those claims are DISMISSED WITHOUT PREJUDICE.

### B. Individual Named Defendants Sued in Their Official Capacity

To the extent Sanders asserts claims against Strada and Watwood in their official capacity, those allegations are treated as claims against their employer, the State of Tennessee. *See*, *e.g.*, *Owens v. Weirich*, No. 21-cv-2041, 2021 WL 4234937, at *2 (W.D. Tenn. Sept. 26, 2021). A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does not authorize suits against state entities. *See Will* 491 U.S. at 58, 65. "*Will* removes persons acting in their official capacities on behalf of the State from the scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim[.]" *Gean v. Hattaway*, 330 F.3d 758, 766–67, 2003 WL 21295019 (6th Cir. 2003).

Sanders does not state a claim to relief against the State of Tennessee. For the reasons explained above, Sanders's § 1983 claims against the State of Tennessee and against Strada and Watwood in their official capacity are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### C. Individual Named Defendants Sued in Their Individual Capacity

To the extent Sanders asserts failure to train claims against Strada and Watwood in their individual capacities, he fails to state a claim to relief. Sanders's conclusory allegations that Strada and Watwood failed to train NWCX employees do not demonstrate that Strada or Watwood directly participated or implicitly authorized, approved, or acquiesced in the unconstitutional conduct alleged in the Complaint. (ECF No. 1 at PageID 3-7.) Absent evidence of personal involvement in the alleged underlying misconduct, a defendant cannot be individually liable based

6

on his failure to train or supervise. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646–48 (6th Cir. 2012).  The Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees ... 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (citation omitted).

Sanders fails to allege sufficient facts stating a claim of failure to train against Strada and Watwood in their individual capacity.  Sanders's § 1983 claims against Strada and Watwood in their individual capacity are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

## IV.     <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)  ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

    A.    The Clerk is DIRECTED to add the State of Tennessee as a defendant;

    B.    The Court DISMISSES WITH PREJUDICE Sanders's § 1983 claims against Strada and Watwood in their official capacity and the State of Tennessee for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii);

    C.    The Court DISMISSES WITHOUT PREJUDICE Sanders's § 1983 claims against Strada and Watwood in their individual capacity and the John Doe Defendants for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    D.    Leave to amend claims dismissed without prejudice in the Complaint is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Sanders' claims. An amended complaint supersedes the Complaint and must be complete in itself without reference to the prior pleadings. Sanders or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended

complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Sanders fails to file an amended complaint within the time specified, the Court will dismiss the Complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g);

E. Sanders fails to state a claim for relief. Because he has no pending claims at this time, the motion for service of process and to appoint counsel and the motion for the preservation of evidence and appointment of counsel (ECF Nos. 6 & 7) are DISMISSED WITHOUT PREJUDICE; and

F. Sanders must promptly notify the Clerk, in writing, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED, this  23rd  day of January, 2025.

                                                           /s/ *Samuel H. Mays, Jr.*
                                                           SAMUEL H. MAYS, JR.
                                                           UNITED STATES DISTRICT JUDGE